this case is 425-0730 people versus alexander david lafave as counsel for the appellate for the appellate brother please state your name amanda ingraham okay thank you and counsel for the appellate please state your name allison page brooks on behalf of the people thank you miss ingraham on behalf of the defendant you may make your closing or your oral argument at this thank you your honors good afternoon your honors counsel and may it please the court my name is amanda ingraham and i represent alexander lafave mr lafave's case presents the culmination of years of neglect and turmoil in the throes of adolescent addiction this offense was committed when mr lafave was 18 years old and involved just over one gram of cocaine in a controlled buy while the court recognized that mr lafave had a horrific upbringing and that he needed a prison sentence for his own good an eight-year term was far beyond what was necessary or reasonable to punish mr lafave with the goal of restoring him useful citizenship this court has the opportunity now to review the eight-year sentence which represented a jump from probation to a term four over the minimum and adjust it to a term that more accurately reflects the entirety of mr lafave's situation as well as the gravity of the offense the seriousness of this offense does not merit an eight-year term for this first adult felony conviction what sentence would be appropriate something closer to the minimum this was his first time as an adult offender marked by years of drug addiction that had been clearly spiraling to to the degree that we saw here and that's the minimum sentence four years so the argument is eight years is excessive but four years would have been appropriate yes is there any case that you're familiar with or where an appellate court the supreme court has said along the lines of well that's sentence the court imposed is excessive but we're going to reduce it by this small an amount four years well of course every case is different and different facts will present different sentencing considerations and different types of offenses and and all of that on the facts of this case this does have the authority to review the sentence that was actually imposed and respond in a fashion that sends the message that the the jump from probation to a mid-range sentence eight years when the range is four to fifteen for an 18 year old who's clearly in a deep and desperate struggle with drug addiction who's never been to prison before it seems that the court was intending to give mr lafave a wake-up call he made a remark that this was for his own good and it is understandable that he did not want to give him another chance of probation but he blew past the option for giving that minimum turn which is there for a reason for cases exactly like this where you do have someone who's young yes the answer to my question is no i'm sorry the well oh in terms of case law well in terms of case law there's there's certainly cases that where the court has found excessive excessive sentences and whether it's whether it's a large amount or a smaller amount and i understand that frequently we you know when you're looking at an excessive sentence case you might run into two two sentences that are more extreme for more violent situations or more serious crimes but everybody has the right to a sentence that is appropriate and reasonable for whatever their their crime is so even though you're familiar with reducing a sentence from eight years to four years i'm sorry sir there's no decision you're familiar with reducing a sentence from eight to four years or anything along those lines well not with that particularity of eight to four in terms of reducing sentences for similar cases there's or or even just for going back for a new sentencing hearing where the appellate court finds that there there was an excessive sentence of course there's uh there's maldonado from 1992 there are numerous sentences where if the court the appellate court finds that there were other circumstances that merited a lesser term than what the defendant actually received so in terms of the exact factual scenario that we have here off the top of my head no but that should not guide this court's determination on whether under the facts of this case mr lafave was sentenced too harshly when all of the circumstances are considered council though our standard of review wouldn't it be abusive discretion it is and so the trial court considered the potential for rehabilitation and some of the arguments you're making before this court i guess my question is why is what the court decided so unreasonable if you will that no one else that would have had these facts before it would have made this determination i understand that concern certainly and and like i said it does appear that the court was potentially frustrated with mr lafave with his previous inability to comply with the constraints for probation so again it's understandable that the court would say no more probation the question is the the the the lack of realization that's just going to prison on its own that is a severe punishment that is a severe consequence the minimum sentence is under the legislature they have the minimum for a reason with the recognition that there are some cases where a minimum sentence is going to be adequate for punishing the offender for the crime that they committed and also with the goal of rehabilitating them for re-entry into society so the question isn't so much between probation or a term of prison it's why was this opportunity why was this option of getting of giving a minimum sentence or close to a minimum sentence four or six rather than going all the way jumping all the way to a term in the middle of the range for someone's first time in prison as someone who was barely 18 years old when this offense first happened and who clearly had a a great deal of of of addiction issues that were that were clearly feeding feeding these problems so i the position of mr lafave and myself it is that this was an abuse of discretion it wasn't reasonable for the court in this instance to make this leap from probation all the way to eight years in prison for again this is a relatively minor offense it was one gram of cocaine just over one gram of cocaine he's 18 years old this is not somebody who is um the only person he's hurting truly is is himself this is not the kind of case that merits an eight-year sentence and it was an abuse of discretion for the court not to consider a more minimum term considering all the facts of the offense itself and also the circumstances for that that brought mr lafave to this point um also is there any case law that that is there any case law that supports the position that since this is just barely uh one gram that it requires a lesser sentence than the court handed out here well it's not so much that it's just one gram the the the issue i think of it as more as the minimum sentence is there the minimum sentence can be adequate there's a range for a reason that the legislature has determined that under these circumstances a four-year term can be adequate and appropriate for many situations and that this is the kind of it's you know it would be different if he had 15 grams of drugs or or or some or or a greater amount or a variety so all of those facts should point this court in the direction of finding that under all of the circumstances a lesser term was was required and additionally there is there is also case law i believe it's people v fern which in which the court um discouraged litigants from comparing the facts of one case for sentences because it is so different it's so different for every individual's case situation they're the the facts of the offense the facts of their personal history their criminal history all of that goes in together so it's not entirely even if we had that case where we had an exact case where oh yes here's this other other case where there there was a an eight-year term for one gram of drugs or whatever it wouldn't necessarily matter because every case has to be decided on its own facts and on the the particular circumstances that are applicable to the case in in front of the court there isn't that why the trial judge has discretion yes that is why the trial court has discretion but that's also why this court has the opportunity to review that discretion and determine whether that discretion was was applied appropriately for the circumstances of this case um i would like to point respond to the two two main arguments from the state's brief one was that mr lafave did not have good prospects for rehabilitation and two that he had a significant record mr lafave did does have good prospects for rehabilitation the um the background that he had he was first brought to the attention of dcfs at age 11 um for an upbringing that even the court did recognize was horrific so it's no surprise that by the time he was 18 he was in the grip of drug addiction and the what what hand in hand with drug addiction is is encounters with with law enforcement um that said in spite of that history prior to sentencing in this case he was able to amass significant support for himself including his father and his father's girlfriend and a new a new commitment to living with sobriety and being set up for success i think it's very unfair to say that mr lafave's prospects for rehabilitation are not good at this young age that he had at his young age and when he's still he is still very young and he does have he will have an opportunity for to be rehabilitated and be a successful individual in society the other portion is the significant record again most of this record were adjudications for delinquency from when he was a teenager and again as i think we can all recognize an 11 year old who is already brought into the dcfs system as a result of drug addiction problems on his parents this is a recipe for what we have here with mr lafave where now he has his own addiction problems now he has his own arrest now he has now he has these problems but that is not the kind of record again that would merit a sentence that's in the middle of the range when this is his first time to prison are there are there any other questions your honors i say no anything further counsel if there if there are no further questions then i'll briefly conclude by saying that mr lafave is well situated for sobriety and success with the support system that he has now as he from the seriousness of this offense but will more accurately reflect the circumstances of that offense which stemmed from the years of turbulence brought on by his parents whose own addiction exacerbated mr lafave's problems i implore this court to find that a sentence four years over the minimum under these circumstances is excessive and unreasonable and either reduce it to a lesser term or remand for a new sentencing hearing thank you thank you counsel thank you your honors may it please the court and counsel the standard here is abuse of discretion which means that no reasonable person would agree with the trial court's order here which was an eight-year term out of a four to fifteen range now that the standard is really hard to meet excessive sentence because the sentence has to be greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense you know class one felony delivery of over a gram of controlled substance is a very serious offense it's not the most serious offense but it still is a serious offense and it's hard to say that eight years is manifestly disproportionate to something that it is that is a serious offense mid-range seems to be within the trial court's discretion under the circumstances this is not a perfect case for the defendant the defendant makes a very cogent argument tallying all of the mitigation and there is substantial mitigation in the record and the defendant does have the youth on his side when the state says that his prospects for rehabilitation were not good i was not actually saying poor i was probably more in the fair category because he does have the youth and his family support on his side now but his track record has actually not been good in a sense that when he had a juvenile record he was um one time was in 2020 discharged from residential treatment he refused treatment 2023 finally got residential treatment completed it but didn't follow up outpatient but the most significant part is in 2024 he gets another crack at treatment when he's on probation for this offense and another offense as well and he is ordered to obtain a substance abuse evaluation and complete treatment and he doesn't get the evaluation he doesn't submit drug screens he's not reporting to his probation officer the only thing it ends up doing i think is going to the hospital for an overdose um so he's just not doing very well on on his attempts at dealing with the addiction so far um so that's not encouraging from the court's perspective um i think the court is entitled to view that as as um concerning for his prospects for rehabilitation um the other partisan defendant characterizes his prior record as minimal well he's got the adjudication as a delinquent minor for a gun offense and also for possession of controlled substance so it's his first time offending against the state's laws dealing with controlled substances and then later um when he's on bond while he's on juvenile probation for that for those offenses when he's convinced commits this crime and then he's on bond for this crime when he commits another possession of controlled substance i believe the defense brief says something about a possession case being dismissed but actually in the case 2023 cf 12 17 he was in fact convicted when he pleaded guilty this was the possession case that he picked up while he was on bond for the delivery case that he's he's appealing this sentence for um so in that situation um the defendant has with if to combine the adjudications as a juvenile plus the fact that he picks up a second felony conviction um while he was on bond and probation for this case um it seems like by 20 age 20 he's getting quite the record and so i think that's something it's it's a statutory factor in aggravation and so i think if you balance out at least the court can balance out the aggravation from his prior record and his his he does have mitigation but he also has not good prospects for rehabilitation i think the mid-range sentence is well within the trial court's discretion and that's why the state would request that that sentence be affirmed and i would entertain any questions i see none thank you your honor uh ms ingram any rebuttal argument ma'am um yes just briefly um i first would like to respond to the track record regarding treatment and there there were numerous stints with rehab and partial hospitalizations and inpatient treatment programs and the like the record indicates that his first one was in 2016 when he was 11 or 12 years old so again these this this life with with drugs was coming from a from a very early age it's not abnormal for someone to make an attempt at rehab and relapse to fail to try again to fail to try again and he did have some where he was discharged without um against against the advice of medical personnel but i would also note that in october 2020 one of the diagnosis that he was left with was support system deficit which just indicates how poor his support system was when he was making these attempts so it's no surprise that these were were frequently failed attempts when he has this what the um what the hospital workers called a support system deficit well what does that mean it means that he still when he's trying making these efforts that he doesn't have the caring adult guidance to help him maintain this commitment to sobriety and to be successful so i don't think that the the attempts the failures and the multiple attempts at rehab should be should be held against him in this way to say that he has he has this poor track record additionally during that time when he's he's not meeting with his probation officer and he picks up the other case um he was having the his mother reported in november of that year that she's she's heard he's had multiple overdoses this is all happening hand in hand it's not happening separately where he's um where he's committing these fences in some in like in a vacuum where he's not under the influence of of the the drugs and everything so as the this uh miss miss brooks mentioned he does have a lot of mitigation he is young he has the family support with him now these are all things that did not exist before when he was trying having these attempts at rehab rehabilitation previously and it does bode well for his future success and i again i i asked this court to to look at that potential for success and find that in this case under the facts of this case in particular that a mid-range sentence was too far and it was an abuse of discretion where a minimum or closer to minimum um minimum sentence would have been adequate if there are are there any oh oh oh and one more point i wanted to clarify that the the 1217 case it was a conviction but at the end of this case the court dismissed all of the cases the 1217 case included so i apologize if there was any confusion on that matter um but if there are no further questions then i'll just ask for this court to grant relief in the form of a lesser sentence or a new sentencing hearing thank you counsel and uh thank you miss brooks as well we appreciate your arguments the court will take this matter on advisement run their decision in due course and we'll now stand in recess at this time